[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11611
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03157-WSD

CAROL CHINN,

Plaintiff-Appellant,

versus

PNC BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Carol Chinn, proceeding pro se, appeals the dismissal of her complaint against PNC Bank under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Chinn argues on appeal that PNC Bank wrongfully initiated foreclosure proceedings in violation of 12 C.F.R. § 590.4(h). After review, we affirm.

We review *de novo* a dismissal for failure to state a claim. *Cunningham v. Dist. Attorneys Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010). In reviewing a dismissal under Fed. R. Civ. P. 12(b)(6), we view the complaint in the light most favorable to the plaintiff and accept well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Although the complaint need not set forth detailed factual allegations, it must allege sufficient facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 590.4 of the Code of Federal Regulations, entitled "Federally-related residential manufactured housing loans–consumer protection provisions," sets forth a federal preemption scheme that protects certain borrowers from unfair lending and foreclosure practices. *See* 12 C.F.R. § 590.4(b)(1). The regulation applies only to "manufactured homes" as defined in 42 U.S.C. § 5402(6). *See* 12 C.F.R. § 590.2(g); 12 C.F.R. § 590.4(b)(1).

The district court dismissed Chinn's claim because Chinn's residence is not

a "manufactured home" and therefore 12 C.F.R. § 590.4(h) is not applicable to her claim. Chinn did not argue on appeal that 12 C.F.R. § 590.4(h) applied to her residence and has therefore abandoned the argument. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating although we liberally construe pro se briefs, issues not raised in a party's initial brief are deemed abandoned). Even if Chinn had made this argument, it would have failed. The plain language of 12 C.F.R. § 590.4 explicitly limits its scope to manufactured housing, defined as structures "transportable in one or more sections." 42 U.S.C. § 5402(6). Chinn did not allege in her complaint that her property qualifies as a manufactured home and the district court, relying on readily accessible public records, took judicial notice that Chinn's property is not manufactured housing.[1]

**AFFIRMED.**

---

[1] A district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records. *See* Fed. R. Evid. 20(b); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006).